UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL W. KUKEL,

                            Plaintiff,                17 Civ. 2422 (   )

  -against-

                                                  **COMPLAINT**

DUTCHESS COUNTY, New York, Detective
FRANK LETIZIA, Individually
Sheriff ADRIAN "BUTCH" ANDERSON,        **Jury Trial Demanded**
Individually, and Detective JAMES
DANIELS, Individually,
                            Defendants.
------------------------------------------------------------x

        Plaintiff, MICHAEL W. KUKEL, by and through his attorneys, The Bellantoni Law Firm, PLLC, for his Complaint respectfully states:

## NATURE OF THE ACTION

    1.    This is an action for compensatory, economic and punitive damages proximately resulting from the actions of the individually named defendants' violations of the plaintiff's Constitutional Rights under the First, Second, Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.

## JURISDICTION

    2.    The Court's jurisdiction over the plaintiff's federal claims is invoked pursuant to 28 U.S.C. §§ 1331, 1343.

## THE PARTIES

    3.    Plaintiff, MICHAEL W. KUKEL, (hereinafter "Mr. Kukel"), is a domiciliary of the State of New York and a resident of Dutchess County, New York.

1

4.	Defendant, DUTCHESS COUNTY, New York (hereinafter the "County"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the State.

5.	Defendant, Detective FRANK LETIZIA, (hereinafter "Detective Letizia"), at all times relevant herein, was employed by the County as a detective with the Dutchess County Sheriff's Office (hereinafter the "Department").  Detective Letizia is sued herein in his individual and personal capacity only.

6.	At all times relevant herein, Detective Letizia was employed in the Department's Pistol Permit Bureau.

7.	At all times relevant herein, Detective Letizia was empowered with the authority to release to their lawful owner firearms and/or long guns that were seized by law enforcement officers of the Department.

8.	At all times relevant herein, Detective Letizia was empowered with the authority to release to their lawful owner firearms and/or long guns that were seized by the Department.

9.	Defendant, Sheriff ADRIAN "BUTCH" ANDERSON, (hereinafter "Sheriff Anderson") at all times relevant herein, was the duly elected Sheriff of, and employed by, Dutchess County, New York.  Defendant Anderson is sued herein in his individual and personal capacity only.

10.	As the Sheriff of Dutchess County, Sheriff Anderson is empowered with the authority to create, set and enforce the policies of the Department with respect to, *inter alia,* the release of property seized by and/or surrendered to the Department and its law enforcement officers.

11. At all times relevant herein, Sheriff Anderson supervised and otherwise exercised supervisory control over the Pistol License Bureau, including, *inter alia,* Detective Letizia.

12. At all times relevant herein, Sheriff Anderson was empowered with the authority to release to their lawful owner firearms and/or long guns that were seized by law enforcement officers of the Department.

13. At all times relevant herein, Sheriff Anderson was empowered with the authority to release to their lawful owner firearms and/or long guns that were surrendered to the Department.

14. Detective JAMES DANIELS ("Detective Daniels") at all times relevant herein, was employed by the County as a detective with the Department. Detective Daniels is sued herein in his individual and personal capacity only.

15. At all times relevant herein, Detective Daniels was employed in the capacity as an evidence officer. In that capacity, Detective Daniels had the authority to release property seized and/or stored by the Department, including weapons.

16. At all times relevant herein, Detective Daniels was empowered with the authority to release to their lawful owner firearms and/or long guns that were seized by law enforcement officers of the Department.

17. At all times relevant herein, Detective Daniels was empowered with the authority to release to their lawful owner firearms and/or long guns that were surrendered to the Department.

18. At all times relevant herein, each of the individual defendants were acting on behalf of, and in furtherance of, their positions as law enforcement officers of the Dutchess County Sheriff's Office and the County.

19. Dutchess County is liable for the acts and omissions of the individual defendant law enforcement officers based on the existence of *Monell* liability, as set forth more fully below.

20. At all times relevant herein, each of the individual defendants were acting pursuant to the established policies and procedures of Dutchess County and the Dutchess County Sheriff's Office.

## THE MATERIAL FACTS

21. Mr. Kukel has held a valid New York State pistol license since 2013.

22. Mr. Kukel has held his pistol license without incident or any wrongdoing on his part since its issuance.

23. Mr. Kukel has owned long guns since 1987.

24. On December 24, 2015, Mr. Kukel accidentally discharged his rifle in Dutchess County, New York.

25. Immediately thereafter, Mr. Kukel contacted the Department.

26. Mr. Kukel's shotgun, rifle and pistol were surrendered to the Department.

27. At no time prior to the above circumstances did the Department or any of its law enforcement officers seize, or take steps to seize, any of Mr. Kukel's firearms or long guns.

28. On December 31, 2015, Detective Letizia requested from the Dutchess County District Attorney's Office that Mr. Kukel's New York State Pistol License ("pistol license") be revoked.

29. To date, Mr. Kukel's pistol license has not been revoked.

30. No criminal charges were ever filed against Mr. Kukel.

31. On August 26, 2016, the Dutchess County District Attorney's Office signed an "Authorization to Return Property" indicating that Mr. Kukel's property may be released "to its rightful owner".

32. Mr. Kukel has made demand on the defendants for the return of his pistols, rifle and shot guns since, at least, August 26, 2016.

33. Detective Letizia informed Mr. Kukel, in substance, that it is the policy of the Department not to release any weapons to anyone without an Order from a court.

34. Detective Daniels informed Mr. Kukel, in substance, that it is the policy of the Department not to release any weapons to anyone without an Order from a court.

35. It is the policy and/or procedure of the Department not to release any weapons without an Order from a court.

36. It is the policy and/or procedure of the Department not to release any weapons without an Order from a court even where an agent of the District Attorney's Office has executed a written consent to the release of any such property.

37. When Detective Letizia affirmatively refused to release Mr. Kukel's property, Detective Letizia was aware of no legal bar to the return of Mr. Kukel's property.

38. When Detective Daniels affirmatively refused to release Mr. Kukel's property, Detective Daniels was aware of no legal bar to the return of Mr. Kukel's property.

39. When Detective Letizia affirmatively refused to release Mr. Kukel's property, Detective Letizia was aware that the District Attorney's Office had consented to the release of Mr. Kukel's property.

40. When Detective Daniels affirmatively refused to release Mr. Kukel's property, Detective Daniels was aware that the District Attorney's Office had consented to the release of Mr. Kukel's property.

41. The aforementioned policy and/or procedure was created by Sheriff Anderson.

42. The aforementioned policy and/or procedure was created by Detective Letizia as the head of the Pistol License Bureau and adopted by Sheriff Anderson.

43. The aforementioned policy and/or procedure was created by Detective Daniels in his position as the evidence officer and adopted by Sheriff Anderson.

44. There are no prohibitors to Mr. Kukel's possession of firearms and/or long guns.

45. To date, the defendants have failed to provide Mr. Kukel with a post-deprivation hearing regarding the release of his firearms and long guns.

46. To date, the defendants continue to possess Mr. Kukel's firearms, rifle and shot gun.

47. Since at least August 26, 2016, Defendants have had no probable cause to believe that Mr. Kukel has committed, is going to commit, or is committing any violation of any state or federal law.

48. Defendants have known since, at least, August 26, 2016 that Mr. Kukel is not a danger to himself or others.

49. Defendants have no cause or recognized legal privilege allowing their continued seizure of Mr. Kukel's weapons past August 26, 2016.

50. At no time did Mr. Kukel consent to the defendants' seizure or possession of his firearms and/or long guns.

51. Defendants acted in concert and aided/abetted the unlawful retention of Mr. Kukel's property.

52. Upon information and belief, the failure of the Department's law enforcement officers to properly handle and store Mr. Kukel's firearm and long guns caused scratches and damage to Mr. Kukel's property, thus reducing their value.

53. To date, none of the defendants have compensated Mr. Kukel for the cost of replacing his property.

54. The defendants' refusal to release Mr. Kukel's weapons is consistent with Detective Letizia's statement to Mr. Kukel that it is the policy of the Dutchess County Sheriff's Office not to release any weapons in the absence of a court order.

55. The policy described herein (and verbally represented to Mr. Kukel by Detective Letizia and Detective Daniels) is the Department's blanket policy irrespective of whether the Department has authority, legal or otherwise, to retain such property.

56. The Department's policy and procedure is an unlawful violation the Constitutional rights, including the First, Second, Fourth and/or Fourteenth Amendment rights, of pistol licensees and long gun owners for whom no lawful reason exists for the deprivation of their weapons, including to wit, Mr. Kukel.

57. Defendants have violated Mr. Kukel's Constitutional rights, including his First, Second and Fourth Amendment rights.

58. To date, Defendants have taken no steps to seek a court order preventing Mr. Kukel's purchase of long guns.

59. To date, Defendants have taken no steps to seek a court order preventing Mr. Kukel's purchase of firearms.

60. To date, Defendants have taken no steps to seek a court order suspending or revoking Mr. Kukel's pistol license.

61. Detective Letizia and/or Sheriff Anderson and/or Detective Daniels made the final decision to deprive Mr. Kukel of a post-deprivation hearing in connection with the Department's continued and unlawful retention of his weapons.

62. Defendants' actions have caused Mr. Kukel to suffer, *inter alia,* loss of enjoyment of life, harm to his reputation, loss of property, economic damages, violations of his civil rights, and he has otherwise been rendered sick and sore.

### AS AND FOR A FIRST CAUSE OF ACTION

63. Repeats and realleges paragraphs "1" through and including "62".

64. Under the theory that each and every defendant is liable to plaintiff for violations of his Constitutional Rights to due process under the Fourteenth Amendment, 42 U.S.C. §1983.

### AS AND FOR A SECOND CAUSE OF ACTION

65. Repeats and realleges paragraphs "1" through and including "64".

66. Under the theory that each and every defendant is liable to plaintiff for violations of his Constitutional Rights under the Fourth Amendment, 42 U.S.C. §1983.

### AS AND FOR A THIRD CAUSE OF ACTION

67. Repeats and realleges paragraphs "1" through and including "66".

68. Under the theory that each and every defendant is liable to plaintiff for violations of his Constitutional Rights under the Second Amendment, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CAUSE OF ACTION

69. Repeats and realleges paragraphs "1" through and including "68".

70. Under the theory that each and every defendant is liable to plaintiff for violations of his Constitutional Rights under the First Amendment, 42 U.S.C. §1983.

## AS AND FOR A FIFTH CAUSE OF ACTION

71. Repeats and realleges paragraphs "1" through and including "70".

72. Under the theory that each and every defendant is liable to plaintiff individually and acting in concert with one another to violate plaintiff's Constitutional Rights under the First, Second, Fourth and Fourteenth Amendments, 42 U.S.C. §1983.

## AS AND FOR A SIXTH CAUSE OF ACTION

73. Repeats and realleges paragraphs "1" through and including "73".

74. Under the theory that, by creating, maintaining, enforcing and/or applying the unconstitutional policy described herein, the County of Dutchess is liable to the plaintiff under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978) for the violations of his Constitutional Rights as plead herein, 42 U.S.C. §1983.

WHEREFORE, a Judgment is respectfully requested:

- Awarding an injunction against defendants that bars the defendants' continued violations of plaintiff's constitutional rights;

- Ordering the return of plaintiff's property;

- Awarding an injunction against defendants that bars the continued enforcement and application of the policy detailed herein;

- Awarding against each and every defendant compensatory, exemplary damages as the jury may determine;

- Awarding against each and every individual defendant punitive damages as the jury may determine;

- Awarding against each and every defendant economic damages;

- Awarding costs, disbursements and reasonable attorney's fees;

- Granting such other and further relief as the Court deems necessary and proper.

Dated: April 4, 2017
      Scarsdale, New York

                                      THE BELLANTONI LAW FIRM, PLLC
                                      *Attorneys for Plaintiff, Michael W. Kukel*

By:    _____/s_____
         Amy L. Bellantoni (AB3061)
         2 Overhill Road, Suite 400
         Scarsdale, New York 10583
         (914) 367-0090
         (914) 367-0095 (facsimile)